IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LABORERS' PENSION FUND, LABORERS' )
WELFARE FUND OF THE HEALTH AND )
WELFARE DEPARTMENT OF THE )
CONSTRUCTION AND GENERAL )
LABORERS' DISTRICT COUNCIL OF )
CHICAGO AND VICINITY, THE CHICAGO )
LABORERS' DISTRICT COUNCIL RETIREE )
HEALTH AND WELFARE FUND and )
CATHERINE WENSKUS, not individually, )
but as Administrator of the Funds, )
               Plaintiffs, )
               )
v.                )
               )   Case No. 19 C 1630
M3 CONSTRUCTION CORPORATION, )
an involuntarily dissolved Illinois corporation, )   Judge
               )
             Defendant. )

## COMPLAINT

Plaintiffs, Laborers' Pension Fund, Laborers' Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity, the Chicago Laborers' District Council Retiree Health and Welfare Fund, and Catherine Wenskus, not individually, but as Administrator of the Funds (hereinafter collectively the "Funds"), by their attorneys, Patrick T. Wallace, Amy N. Carollo, G. Ryan Liska, Katherine C. V. Mosenson, and Sara S. Schumann, for their Complaint against Defendant M3 Construction Corporation, an involuntarily dissolved Illinois corporation, state:

### COUNT I
(Failure to Submit Reports and/or Pay Employee Benefit Contributions)

1.     Jurisdiction is based on Sections 502(e)(1) and (2) and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1132 (e)(1) and

(2) and 1145, Section 301(a) of the Labor Management Relations Act ("LMRA") of 1947 as amended, 29 U.S.C. §185(a), 28 U.S.C. §1331, and federal common law.

2. Venue is proper pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), and 28 U.S.C. §1391 (a) and (b).

3. The Funds are multiemployer Trusts established pursuant to Section 302(c)(5) of the LMRA, 29 U.S.C. §186(c)(5). The Funds maintain their respective Plans, which are multiemployer benefit plans within the meanings of Sections 3(3) and 3(37) of ERISA, 29 U.S.C. §1002(3) and 37(A), pursuant to their respective Agreements and Declarations of Trust in accordance with Section 302(c)(5) of the LMRA. The Funds have offices and conduct business within this District.

4. Plaintiff Catherine Wenskus is the Administrator of the Funds, and has been duly authorized by the Funds' Trustees to act on behalf of the Funds in the collection of employer contributions owed to the Funds and to the Construction and General District Council of Chicago and Vicinity Training Fund, and with respect to the collection by the Funds of amounts which have been or are required to be withheld from the wages of employees in payment of union dues for transmittal to the Construction and General Laborers' District Council of Chicago and Vicinity (the "Union"). With respect to such matters, Wenskus is a fiduciary of the Funds within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A).

5. Defendant M3 Construction Company (hereinafter the "Company"), was an Illinois corporation involuntarily dissolved by the Secretary of State on December 8, 2017. At all times relevant herein, the Company did business within this District and was an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. §1002(5), and Section 301(a) of the LMRA, 29 U.S.C. §185(c).

6. The Union is a labor organization within the meaning of 29 U.S.C. §185(a). The Union and the Company are parties to a collective bargaining agreement, the most recent of which became effective June 1, 2017 ("Agreement"). At all times relevant herein, the Company's employees performed work covered by the same Agreement. (A copy of the "short form" Agreement entered into between the Union and the Company which Agreement adopts and incorporates a Master Agreement between the Union and various employer associations, and also binds the Company to the Funds' respective Agreements and Declarations of Trust and the Agreements and Declarations of Trusts of the various Funds listed in Paragraph 7 below, is attached hereto as Exhibit A.)

7. The Funds have been duly authorized by the Construction and General Laborers' District Council of Chicago and Vicinity Training Trust Fund (the "Training Fund"), the Concrete Contractors' Association of Greater Chicago ("CCA"), the Chicago Area Independent Contractors Association ("CAICA"), the Builders' Association of Greater Chicago ("BAC"), the Midwest Construction Industry Advancement Fund ("MCIAF"), the Chicagoland Construction Safety Council (the "Safety Fund"), the Laborers' Employers' Cooperation and Education Trust ("LECET"), the Illinois Road Builders Association ("IRBA"), the CDCNI/CAWCC Contractors' Industry Advancement Fund (the "Wall & Ceiling Fund"), the CISCO Uniform Drug/Alcohol Abuse Program ("CISCO"), the Midwest Wall and Ceiling Contractors ("MWCC") the Laborers' District Council Labor Management Committee Cooperative ("LDCLMCC"), the Contractors' Association of Will and Grundy Counties ("CAWGC") and the Illinois Small Pavers Association ("ISPA") to act as an agent in the collection of contributions due to those funds.

3

8. The Agreement, the Funds' respective Agreements and Declarations of Trust, and the Training Fund Agreement and Declaration of Trust, obligate the Company to make contributions on behalf of its employees covered by the Agreement for pension benefits, health and welfare benefits, retiree health and welfare benefits, and for the training fund and to submit monthly remittance reports in which the Company, *inter alia*, identifies the employees covered under the Agreement and the amount of contributions to be remitted to the Funds on behalf of each covered employee. Pursuant to the terms of the Agreement and the Funds' respective Agreements and Declarations of Trust, and the Training Fund Agreement and Declaration of Trust, contributions which are not submitted in a timely fashion are assessed liquidated damages plus interest.

9. The Agreement and the Funds' respective Agreements and Declarations of Trust require the Company to submit its books and records to the Funds on demand for an audit to determine benefit contribution compliance.

10. The Agreement obligates the Company to obtain and maintain a surety bond to insure future wages, pension, and welfare contributions.

14. Notwithstanding the obligations imposed by the Agreement and the Funds' respective Agreements and Declarations of Trust, the Company has:

    a. failed to submit reports and pay all contributions to Plaintiff Laborers' Pension Fund for the period of January 2017 forward, thereby depriving the Laborers' Pension Fund of contributions, income, and information needed to administer the Fund and jeopardizing the pension benefits of the participants and beneficiaries;

    b. failed to submit reports and pay all contributions to Plaintiff Laborers' Welfare Fund of the Health and Welfare Department of the Construction and General

4

Laborers' District Council of Chicago and Vicinity for the period of January 2017 forward, thereby depriving the Welfare Fund of contributions, income, and information needed to administer the Fund and jeopardizing the health and welfare benefits of the participants and beneficiaries;

c.  failed to submit reports and pay all contributions to Plaintiff Chicago Laborers' District Council Retiree Health and Welfare Fund for the period of January 2017 forward, thereby depriving the Retiree Welfare Fund of contributions, income, and information needed to administer the Fund and jeopardizing the health and welfare benefits of the participants and beneficiaries;

d.  failed to submit reports and pay all contributions to the Laborers' Training Fund for the period of January 2017 forward, thereby depriving the Laborers' Training Fund of contributions, income, and information needed to administer the Fund and jeopardizing the training fund benefits of the participants and beneficiaries; and

e.  failed to submit reports and pay all contributions owed to one or more of the other affiliated funds identified in Paragraph 8 above for the period of January 2017 forward, thereby depriving said fund(s) of contributions, income, and information needed to administer said fund(s) and jeopardizing the benefits of the participants and beneficiaries.

15.  The Company's actions in failing to submit timely reports and contributions violate Section 515 of ERISA, 29 U.S.C. §1145, and Section 301 of the LMRA, 29 U.S.C. §185.

16.  Pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. §1132 (g)(2), Section 301 of the LMRA, 29 U.S.C. §185, the terms of the Agreement and the Funds' respective Trust Agreements, and federal common law, the Company is liable to the Funds for unpaid

contributions, as well as interest and liquidated damages on the unpaid contributions, accumulated liquidated damages, reasonable attorneys' fees and costs, and such other legal and equitable relief as the Court deems appropriate.

WHEREFORE, Plaintiffs respectfully request this Court enter a judgment against Defendant M3 Construction Corporation:

    a.    ordering the Company to submit benefit reports for the time period of January 2017 forward;

    b.    entering judgment in sum certain against the Company on the amounts reported due and owing pursuant to the January 2017 forward benefits reports, in addition to interest, liquidated damages, accumulated liquidated damages, and attorneys' fees and costs; and

    c.    awarding Plaintiffs any further legal and equitable relief as the Court deems just and appropriate.

## COUNT II
**(Failure to Submit Reports and/or Pay Union Dues)**

17. Plaintiffs reallege paragraphs 1 through 16 of Count I as though fully set forth herein.

18. Pursuant to agreement, the Funds have been duly designated to serve as collection agents for the Union in that the Funds have been given the authority to collect from employers union dues which have been or should have been deducted from the wages of covered employees. Union dues which are not submitted in a timely fashion are assessed ten percent liquidated damages.

19. Notwithstanding the obligations imposed by the Agreement, the Company performed Covered Work during the time period of January 2017 forward, and has failed to

submit dues reports and dues that were deducted or should have been deducted from the wages of its employees performing Covered Work during the time period of January 2017 forward, thereby depriving the Union of income and information necessary to determine dues submission compliance.

20. Pursuant to the Agreement and federal common law, the Company is liable for the unpaid union dues, as well as liquidated damages, accumulated liquidated damages, reasonable attorneys' fees and costs as the Union's collection agent, and such other legal and equitable relief as the Court deems appropriate.

WHEREFORE, Plaintiffs respectfully request this Court enter a judgment against M3 Construction Corporation:

    a. ordering the Company to submit its January 2017 forward dues reports;

    b. entering judgment in sum certain against the Company on the amounts due and owing pursuant to the January 2017 forward dues reports, including contributions, liquidated damages, accumulated liquidated damages, and attorneys' fees and costs; and

    c. awarding Plaintiffs any further legal and equitable relief as the Court deems appropriate.

## COUNT III
**(Failure to Submit to an Audit to Determine Employee Benefit Contribution Compliance)**

21. Plaintiffs reallege paragraphs 1 through 16 of Count I and paragraphs 17 through 20 of Count II as though fully set forth herein.

22. Notwithstanding the obligations imposed by the Agreement, the Company performed covered work during the time period of January 2017 forward and has failed to submit its books and records to a requested audit to determine employee benefit contribution compliance for the time period of January 1, 2017 forward, thereby depriving the Funds of information

needed to administer the Funds and jeopardizing the benefits of the participants and beneficiaries.

23. Under the terms of the Agreement and the Funds' Agreements and Declarations of Trust, the Company is liable for the costs of any audit which reveals unpaid contributions.

24. The Company's actions in failing to submit to an audit to determine benefit contribution compliance violate 515 of ERISA, 29 U.S.C. §1145.

25. Pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. §1132 (g)(2), Section 301 of the LMRA, 29 U.S.C. §185, and the terms of the Agreement and the Funds' respective Declarations of Trust, the Company is liable to the Funds for any unpaid contributions revealed by an audit, as well as interest and liquidated damages on the unpaid contributions, audit costs, and reasonable attorneys' fees and costs, and such other legal and equitable relief as the Court deems appropriate.

WHEREFORE, Plaintiffs respectfully request that this Court enter a judgment against Defendant M3 Construction Corporation:

   a. ordering the Company to submit its books and records to the requested audit for the time period of January 2017 forward to determine benefit contribution compliance;

   b. retaining jurisdiction to enter judgment in sum certain against the Company on the amounts revealed as owing on the audit, if any, including contributions, liquidated damages, accumulated liquidated damages, interest, audit costs, and attorneys' fees and costs; and

   c. awarding Plaintiffs any further legal and equitable relief as the Court deems appropriate.

## COUNT IV
### (Failure to Submit to an Audit to Determine Dues Contribution Compliance)

26. Plaintiffs reallege paragraphs 1 through 16 of Count I, paragraphs 17 through 20 of Count II, and paragraphs 21 through 25 as though fully set forth herein.

27. Notwithstanding the obligations imposed by the Agreement, the Company performed covered work during the time period of January 2017 forward and has failed to submit its books and records to a requested audit to determine dues contribution compliance for the time period of January 1, 2017 forward, thereby depriving the Union of information.

WHEREFORE, Plaintiffs respectfully request that this Court enter a judgment against Defendant M3 Construction Corporation:

    a. ordering the Company to submit its books and records to the requested audit for the time period of January 2017 forward to determine dues contribution compliance;

    b. retaining jurisdiction to enter judgment in sum certain against the Company on the amounts revealed as owing on the audit, if any, including contributions, liquidated damages, accumulated liquidated damages, audit costs, and attorneys' fees and costs; and

    c. awarding Plaintiffs any further legal and equitable relief as the Court deems appropriate.

March 7, 2019

Laborers' Pension Fund, et al.

By: /s/ Katherine Mosenson

Laborers' Pension and Welfare Funds
Office of Fund Counsel
111 West Jackson Boulevard
Suite 1415
Chicago, Illinois 60604
(312) 692-1540



# CONSTRUCTION & GENERAL LABORERS'
# DISTRICT COUNCIL OF CHICAGO AND VICINITY
AFFILIATED WITH THE LABORERS' INTERNATIONAL UNION OF NORTH AMERICA
999 McCLINTOCK DRIVE • SUITE 300 • BURR RIDGE, IL 60527 • PHONE: 630/655-8289 • FAX: 630/655-8853

## INDEPENDENT CONSTRUCTION INDUSTRY COLLECTIVE BARGAINING AGREEMENT

It is hereby stipulated and agreed by and between **M3 Construction Corp.** ("Employer") and the Construction and General Laborers' District Council of Chicago and Vicinity, Laborers' International Union of North America ("Union"), representing and encompassing its affiliated Local Unions, including Local Nos. 1; 2, 4, 5, 6, 25, 75, 76, 96, 118, 149, 152, 225, 269, 288, 582, 681, 1001, 1035, 1092, together with any other Local Unions that may come within its jurisdiction ("Local Unions"), and encompassing the geographic areas of Cook, Lake, DuPage, Will, Grundy, Kendall, Kane, McHenry and Boone counties, Illinois, that:

1. **Recognition.** [...]

2. **Labor Contract.** [...]

3. **Total economic Increase.** The Employer shall pay its employees a total economic increase of $1.00 per hour effective June 1, 2013; $2.00 per hour effective June 1, 2014; $2.05 per hour effective June 1, 2015; and $2.10 per hour effective June 1, 2016, said amounts to be allocated between wages, fringe benefits and other funds by the Union in its sole discretion. Effective June 1, 2013, the minimum wage rate shall be $37.00 per hour.

4. **Checkoff Deductions and Remittances.** [...]

5. **Work Jurisdiction.** [...]

6. **Subcontracting.** [...]

7. **Fringe Benefits.** [...]

8. **Contract Enforcement.** [...]

9. **Successors.** [...]

10. **Termination.** This Agreement shall remain in full force and effect from June 1, 2013 (unless dated differently below) through May 31, 2017, and shall continue thereafter unless there has been given written notice, by certified mail by either party hereto, received no less than sixty (60) nor more than ninety (90) days prior to the expiration date, of the desire to modify or amend this Agreement through negotiations. [...]

11. **Execution.** [...]

Dated: July 23, 2013

ACCEPTED:
Laborers' Local Union No. **6**

By: _____
CONSTRUCTION AND GENERAL LABORERS'
DISTRICT COUNCIL OF CHICAGO AND VICINITY

By: _____
James P. Connolly, Business Manager

By: _____
Charles LoVerde, Secretary-Treasurer

For Office Use Only: **CA-ICA#**

M3 Construction Corp.

FEIN No.: _____

By: **Henry Hill    Vice President**
(Print Name and Title)

_____ Vice President
(Signature)

**12440 Country View Lane**
(Address)

**Homer Glen, IL**
(City, State and Zip Code)

**312-698-9877**
(Telephone No.)

**henryhill@comcast.net**
(Email Address)

EXHIBIT A

Effective June 1, 2013    WHITE - LOCAL UNION • CANARY - TRUST FUND • PINK - DISTRICT COUNCIL • GOLD - EMPLOYER